```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

**CYNTHIA H. SPEETJENS,**
**CYNTHIA H. SPEETJENS, ATTORNEY,**
**P.A., THOMAS ROE FRAZIER, II,**
**JOHN DAVIDSON, AND FRAZIER**
**DAVIDSON, P.A.**                                        **PLAINTIFFS**

**VS.**                              **CIVIL ACTION NO.:3:05-CV-394BN**

**JANET LARSON**                                           **DEFENDANT**


### OPINION AND ORDER

This cause is before the Court on the following Motions of Plaintiffs:

1. Motion for Reconsideration, filed November 22, 2005 [docket entry. no. 14];

2. Motion to Amend Final Judgment, filed November 22, 2005 [docket entry no. 14]; and

3. Motion for Withdrawal of Motion to Amend and Join, filed December 16, 2005 [docket entry no. 22].[1]

---

[1] The Motion for Reconsideration and Motion to Amend Final Judgment were joined in the same pleading filed on November 22, 2005 (docket entry no. 14). The November 22, 2005, pleading also contained a Motion to Amend Complaint and Join Additional Parties which was superseded by Plaintiffs' Amended Motion to Amend Complaint and Join Additional Parties, filed on November 23, 2005 (docket entry no. 16). Plaintiffs' Motion for Withdrawal of Motion to Amend and Join, filed on December 16, 2005 (docket entry no. 22), seeks to withdraw the November 23, 2005, Amended Motion to Amend Complaint and Join Additional Parties (docket entry no. 16).

1

Having considered the Motions, Responses, Rebuttals and all attachments to each, as well as supporting and opposing authority, the Court finds as follows:

1. The Motion for Reconsideration of Plaintiffs is not well taken and should be denied;

2. The Motion to Amend Final Judgment of Plaintiffs is not well taken and should be denied; and

3. The Motion for Withdrawal of Motion to Amend and Join of Plaintiffs is well taken and should be granted.

### I.  Facts

The facts of this case are set forth in detail in the Opinion and Order rendered by the undersigned on November 8, 2005 ("November 8 Opinion") and filed with the Clerk of the Court on the same day under docket entry no. 12. The "Factual Background and Procedural History" section of the November 8 Opinion are adopted herewith by reference.

### II. Analysis – Motion for Reconsideration

In the November 8 Opinion, this Court ordered Defendant Janet Larson to submit all of her individual capacity claims against Plaintiffs to arbitration. The Court also stayed the ligation of Larson's individual capacity claims against Plaintiffs in a related California suit brought by Larson, individually and as trustee of the Janet E. Larson Revocable Trust ("Revocable Trust"), and her daughter, Marnie Near, as trustee of the Janet E. Larson Insurance

Trust ("Insurance Trust") (collectively "Trusts").[2]  Aggrieved by the decision of the Court to not enjoin the prosecution of Larson's claims, as trustee of the Revocable Trust, in the California suit, Plaintiff filed the subject Motion for Reconsideration on November 22, 2005.

Motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure.  A judgment or order may be altered or amended under Rule 59(e) if: (1) a need to correct a manifest error in law or fact exists; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003)(citations omitted).  The United States Court of Appeals for the Fifth Circuit set forth the following additional factors to consider when entertaining such a motion: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of the reconsideration of the underlying motion to the movant's case; (3) whether the reasons set forth by the movant justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if

---

[2] In its November 8 Opinion, the Court mistakenly referred to the Janet E. Larson *Revocable* Trust as the Janet E. Larson *Irrevocable* Trust.

3

the motion is reconsidered. <u>Sturges v. Moore</u>, 73 Fed. App'x 777, 778 (5th Cir. 2003) (citing <u>Ford v. Elsbury</u>, 32 F.3d 931, 937-38 (5th Cir. 1994)).

Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. <u>Atkins v. Marathon Le Torneau Co.</u>, 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." <u>Id.</u>

In the subject Motion for Reconsideration, Plaintiffs arguments center around the following two excerpts from the November 8 Opinion:

> The Court must now decide who will be subject to its Order Compelling Arbitration. Plaintiffs originally ask that Larson and the Trusts be compelled to arbitrate their claims. Plaintiff's Motion for Preliminary Injunction, Permanent Injunctive Relief and Order Compelling Arbitration, p.1. However, in their Reply Brief, Plaintiffs apparently concede that Larson, in her individual capacity, is the only interested party who can be compelled to arbitrate considering Larson is the only Defendant named in this action. <u>See</u> Plaintiff's Reply Memorandum, fn. 2. Accordingly, Defendant Janet Larson, in her individual capacity, is the only party compelled to arbitrate pursuant to this Opinion and Order.
> . . .
> . . . Pursuant to Rule 65 of the Federal Rules of Civil Procedure, this Court does not have the authority to enjoin one who is not a party to the action. Moreover, as the Court discussed *supra*, Plaintiffs seem to concede that Larson, as the only named Defendant, is the only party subject to the Order Compelling Arbitration. If the Trusts are not parties to the arbitration proceedings, then the Court cannot forbid them from pursuing their claims against Plaintiffs in the California Action. Accordingly, the Court finds that only the litigation of

4

>  Larson's individual capacity claims against Plaintiff in the California federal court action should be stayed. [FN 3]
>
>> [FN 3] This stay is only applicable to Larson's individual capacity claims. It does not enjoin the prosecution of all other claims in the California action.

November 8 Opinion, pp. 17, 19.

Arguing that a trust is not a legal entity that can be sued, Plaintiffs contend that the Court made a clear error of law by treating the Revocable Trust as a legal entity separate from Larson. The Court agrees with Plaintiffs that a trust cannot be sued. Instead, where a trust is involved in a legal dispute, "the trustee is the proper person to sue or be sued *on behalf of such trust*." Ziegler v. Nickels, 63 Cal.App.4th 545, 546 (Cal Ct. App. 1998) (emphasis added). However, this does not mean that a trust is non-existent or that the claims of a trust are indistinguishable from any individual capacity claims of its trustee. When named in a lawsuit on behalf of a trust, a trustee does not act in his personal interest, but rather a trustee acts in the interest of the trust. Any benefit or detriment flows to the trust, not the trustee.

In the instant case, Plaintiffs, to their detriment, simply named Larson as a defendant. They did not indicate in their Complaint that Larson was being sued in a representative capacity as trustee of the Revocable Trust. The Trusts were never mentioned in the Complaint. Moreover, the Summons served on Larson also

5

failed to indicate that she was being sued in her capacity as trustee of the Revocable Trust. Also, considering that Plaintiffs failed to name Marnie Near as a party to this action, the Court has no choice but to assume that Plaintiffs did not intend to include the claims of the Trusts in their Complaint.

Further, Plaintiffs argue that it was futile to clarify that it was suing Larson individually and "as the trustee of the Revocable Trust."[3] However, Plaintiffs themselves treat the Revocable Trust as a separate existence with distinguishable claims throughout their pleadings. For example, in the Motion for Preliminary Injunction, Permanent Injunctive Relief and Order Compelling Arbitration, Plaintiffs request an Order enjoining "Larson and the two Larson Trusts" from proceeding in the California action. p. 5. Plaintiffs simply cannot overcome the fact that the claims accruing to the Revocable Trust and the claims of Larson in her individual capacity are separate and distinguishable claims. Because Plaintiffs failed to name Larson, *as trustee of the Revocable Trust*, as a party to these proceedings, the claims of the Revocable Trust were never properly before the Court. Therefore, the Court does not have jurisdiction to compel arbitration or enjoin the claims of the Revocable Trust.

---

[3] The court notes that in two of the cases cited by Plaintiffs that involve trusts, the trustee is explicitly named as a party in their capacity as trustee of the trust. See Karras v. Teledyne Industries, Inc., 191 F.Supp.2d 1162 (S.D. Cal. 2002); Ziegler v. Nickels, 63 Cal.App.4th 545, 546 (Cal Ct. App. 1998).

Accordingly, the Court finds that Plaintiffs have failed to prove that the November 8 Opinion of the Court should be altered or amended pursuant to Rule 59.

### III. Analysis – Motion to Amend Final Judgment

Plaintiffs also request that the Court amend the Final Judgment, filed on November 8, 2005 ("November 8 Final Judgment"), to reflect the entire ruling of the Court in its November 8 Opinion. The portion of the November 8 Opinion wherein the Court stayed the litigation of Larson's individual capacity claim in the California action was not included in the November 8 Final Judgment. However, amending the November 8 Final Judgment to add this language would now be futile considering Larson has voluntarily dismissed her individual capacity claims in the California case. See Exhibit "A" to Plaintiffs' Supplemental Evidence in Support of Motion for Reconsideration and Motion to Amend Final Judgment. Accordingly, Plaintiffs Motion to Amend Final Judgment is denied.

### IV. Analysis – Motion for Withdrawal of Motion to Amend and Join

On December 16, 2005, Plaintiffs moved to withdraw its Amended Motion to Amend Complaint and Join Additional Parties, which was filed on November 23, 2005, under docket entry no. 16. Plaintiffs' Motion for Withdrawal of Motion to Amend and Join is well taken and is granted.

### V. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion for Reconsideration of Plaintiffs, filed November 22, 2005 [docket entry. no. 14] is not well taken and is hereby denied.

IT IS FURTHER ORDERED that the Motion to Amend Final Judgment, filed November 22, 2005 [docket entry no. 14], is not well taken and is hereby denied.

IT IS FURTHER ORDERED that Motion for Withdrawal of Motion to Amend and Join, filed December 16, 2005 [docket entry no. 22], is well taken and should be granted. The Amended Motion to Amend Complaint and Join Additional Parties of Plaintiffs, which was filed on November 23, 2005 [docket entry no. 16], should therefore be termed by the Clerk of the Court.

IT IS FURTHER ORDERED that the Clerk of the Court term the Motion filed under docket entry no. 15 as it was superseded by the Motion filed under docket entry no. 16.

IT IS FURTHER ORDERED that the Clerk of the Court term the Motion filed under docket entry no. 17. Plaintiffs filed Supplemental Evidence in Support of Plaintiffs' Motion for Reconsideration and Motion to Amend Final Judgment under docket entry no. 17 and incorrectly docketed the supplemental evidence as a motion.

SO ORDERED this the 12th day of January, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

blj