```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION
```

**CYNTHIA H. SPEETJENS,**
**CYNTHIA H. SPEETJENS, ATTORNEY,**
**P.A., THOMAS ROE FRAZIER, II,**
**JOHN DAVIDSON, AND FRAZIER**
**DAVIDSON, P.A.**                                        **PLAINTIFFS**

**VS.**                                **CIVIL ACTION NO.:3:05-CV-394BS**

**JANET LARSON**                                          **DEFENDANT**

### OPINION AND ORDER

This cause is before the Court on the following Motions:

1. Plaintiffs' Motion to Reopen the Case and Application for Designation and Appointment of Arbitrators ("Motion to Reopen"); and

2. Defendant's Motion for Sanctions.

Having considered the Motions, Responses, Rebuttals and all attachments to each, as well as supporting and opposing authority, the Court finds as follows:

1. Plaintiffs' Motion to Reopen is not well taken and should be denied; and

2. Defendant's Motion for Sanctions is not well taken and should be denied.

1

## I. Facts

The facts of this case are set forth in detail in the Opinion and Order rendered by the undersigned on November 8, 2005 ("November 8 Opinion") and filed with the Clerk of the Court on the same day under docket entry no. 12. The "Factual Background and Procedural History" section of the November 8 Opinion are adopted herewith by reference.

## II. Analysis – Motion to Reopen

In its November 8 Opinion, this Court ordered Defendant Janet Larson to submit all of her individual capacity claims against Plaintiffs to arbitration in accordance with the terms of the arbitration agreement entered into by the parties. The Court also entered a Final Judgment contemporaneous with the November 8 Opinion, which stated that the parties could move to reopen the proceedings if further judicial intervention was necessary to enforce the ruling of the Court. On January 3, 2006, Plaintiffs filed the instant Motion to Reopen. Plaintiffs claim that Defendant has failed to appoint an arbitrator in accordance with the terms of the arbitration agreement. Pursuant to § 5 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 5, Plaintiffs now ask the Court to designate and appoint arbitrators.

Defendant has informed Plaintiffs and the Court that she has no viable personal capacity claims against Plaintiffs and will therefore not pursue any such claims. See Affidavit of Janet E.

Larson attached to Defendant's Response to Plaintiffs' Motion to Reopen, ¶ 2. Defendant has also voluntarily dismissed her individual capacity claims against Plaintiffs in the California action currently pending in the United States District Court for the Northern District of California. The Court believes that it would be futile to arbitrate claims that Defendant has now voluntarily conceded.

Despite the fact Defendant no longer wishes to pursue her claims, Plaintiffs argue that arbitration should nonetheless move forward because there remain "disputes and controversies" between the parties which Plaintiffs intended to raise at arbitration. For example, Plaintiffs contend that they would seek declaratory relief and possibly even monetary damage relief through counterclaims against Defendant. However, Plaintiffs' Complaint for Order Compelling Arbitration ("Petition for Arbitration") merely provides that "[Plaintiffs] seek an order compelling Defendant to submit to binding arbitration any and all claims *Defendant may have against Plaintiffs*." The Petition for Arbitration therefore did not contemplate any claims Plaintiffs might have against Defendant. Furthermore, the November 8 Opinion of the Court, which granted Plaintiffs' Motion to Compel Arbitration, only ordered Defendant to arbitrate *her* individual capacity claims against Plaintiffs. Because Plaintiffs failed to include in its Petition for Arbitration any claims it might have against Defendant, the Court

3

will not force Defendant now to arbitrate these potential claims. Accordingly, Plaintiffs' request to reopen these proceedings is not well taken and must be denied.[1]

### III.   Analysis – Motion for Sanctions

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Defendant moves the Court for sanctions against Plaintiffs and their attorneys. Defendant urges that sanctions are appropriate because Plaintiffs' Motion to Reopen is frivolous, unsupported by existing law, brought for an impermissible purpose, and makes factual allegations with no evidentiary support.

Rule 11 of the Federal Rules of Civil Procedure affords this Court the discretion to sanction a party if the party files a pleading that: (1) is presented for an improper purpose; (2) contains claims that are not supported by existing law; (3) contains allegations that are not supported by evidence; or (4) contains denials that are not supported by evidence. Fed. R. Civ. P. 11(b) & (c). The Court finds that sanctions against Plaintiffs are not warranted under the circumstances, and therefore Defendant's request for such should be denied.

### IV.   Conclusion

Based on the holdings presented above:

---

[1] Of course, this ruling does not prevent Plaintiffs from moving in the future to have the case reopened if Defendant attempts to revive her _individual capacity claims_ against Plaintiffs.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Reopen the Case and Application for Designation and Appointment of Arbitrators [docket entry no. 27] is not well taken and is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion for Sanctions [docket entry no. 33] is not well taken and is hereby denied.

SO ORDERED this the 20th day of April, 2006.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE

blj